## MILLIE McCURDY v. W. H. RYAN, SHERIFF.

FILED NOVEMBER 3, 1898.    No. 8351.

1. **Evidence: ADMISSION OF PARTY.** On the trial of a cause an admission by one of the parties, of the existence of a judgment which it was incumbent on his adversary to prove, *held* to imply that such judgment was valid.

2. **Fraudulent Conveyances: EVIDENCE.** Evidence examined, and *held* insufficient to sustain a finding that the sale through which plaintiff claims title to the property in dispute was fraudulent as to her vendor's creditors.

ERROR from the district court of Dakota county. Tried below before NORRIS, J. *Reversed.*

*Jay & Welty,* for plaintiff in error.

*J. J. McCarthy, contra.*

SULLIVAN, J.

This was an action of replevin brought by Millie Mc-Curdy against W. H. Ryan to recover the possession of a horse. The finding and judgment of the district court were against the plaintiff, and by this proceeding in error she presents the record to this court for review. The defendant, who was the sheriff of Dakota county, acting under the authority of an execution issued by a justice of the peace in favor of Kuntz & McCarthy and against S. M. McCurdy, levied upon, and took from the possession of the plaintiff, the property in question. At the trial the defendant asserted that the horse was purchased by the plaintiff to enable S. M. McCurdy to hinder, delay, and defraud his creditors, and that it was, therefore, subject to seizure and sale for the satisfaction of the execution. The proceedings before the justice in the case of Kuntz & McCarthy against S. M. McCurdy were given in evidence to establish the sheriff's special interest in the property. From the record it appears that the judgment in that case was rendered by default, and that the officer's

return of service indorsed upon the summons was as follows:

"Received this writ April 21, 1893. As commanded, I, on the 24th day of April, 1893, summoned the within named S. M. McCurdy by ——— at his usual place of residence a certified copy of this summons, and of the indorsements thereon. Dated this 26th day of April, 1893.　　　　　　　　　W. H. RYAN, *Sheriff.*"

It is contended that this return was insufficient to vest the justice with jurisdiction of the defendant McCurdy, and that the judgment, which was the basis of the execution, was and is absolutely void. The question need not be determined, for the validity of the judgment stands admitted. Counsel for the plaintiff conceded at the trial that there was a judgment; and the proceedings before the justice show that such judgment was in favor of Kuntz & McCarthy and against S. M. McCurdy for the sum of $25.75. An admission of the existence of a judgment cannot be construed as meaning a record which purports to be, but is not, a judgment. Without passing on the legal effect of the evidence of service of the summons, we therefore hold, on the record before us, that the validity of the judgment and execution offered in support of defendant's special interest were fully established. We think, however, there was no sufficient evidence on which to base a finding that the sale through which plaintiff derived title was fraudulent as to creditors of S. M. McCurdy. There is no dispute about the facts. The plaintiff and S. M. McCurdy are brother and sister. In July, 1892, they were living together on a farm in Dakota county. For some reason, which does not appear, either directly or inferentially, McCurdy determined to abandon the farm and remove to Pennsylvania. Before taking this step he sold and delivered to his sister the horse in controversy, seven other horses, a binder, a plow, a seeder, a wagon, a mowing machine, and a growing crop of flax for the agreed sum of $963. Of this amount $30 was paid in cash. An indebtedness of $19.25 due from McCurdy

was released. The payment of two notes representing the purchase price of the binder, and payable to Warder, Bushnell & Glassner Company, was assumed, and, for the balance, the plaintiff executed her promissory note. She afterward paid the binder notes, amounting with accrued interest to $119.15; and upon the other note she made two payments aggregating $98.14. McCurdy, shortly after the sale of the property to his sister, removed to Pennsylvania, where he remained for about nine months. In March, 1893, he returned to Dakota county and leased of the plaintiff the farm on which she lived and a portion of the property which he had sold to her in the previous July. He then commenced to work the land and was engaged in that business, and in possession of the horse which is the subject of this action, when the defendant levied the execution under which he claims. When the levy was made McCurdy disclaimed present ownership, but said that he expected to buy the horse in the fall if he succeeded in raising a good crop. It does not appear that McCurdy owed anything except the binder notes assumed by the plaintiff and the indebtedness to Kuntz & McCarthy, which is the basis of the judgment in their favor. Of this latter indebtedness the plaintiff had no knowledge at the time she purchased the property of her brother. The motive for the sale in question, it is quite clear, was McCurdy's determination to quit farming and remove to Pennsylvania. At the trial there was no attempt by counsel for either party to obtain an explanation of the reasons that influenced him to this line of conduct. That his action was inspired by a desire to hinder, delay, or defraud Kuntz & McCarthy in the collection of a claim amounting to less than $25 is beyond belief. The evidence does not justify a suspicion that such was his purpose. The finding of the court does not rest upon any warrantable deduction from the established facts and must be set aside. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.